JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
As part of a plea bargain, defendant-appellant, Kelly Williams, pleaded guilty to one count of burglary pursuant to R.C. 2911.12(A)(2), one count of domestic violence pursuant to R.C. 2919.25(A) and one count of violating a protection order pursuant to R.C. 2919.27(A). The trial court sentenced him to six years' imprisonment for the burglary charge and to one hundred eighty day's imprisonment for each of the other two misdemeanors, with all sentences to be served concurrently. This appeal followed.
In his sole assignment of error, Williams contends that the trial court erred in sentencing him in violation of his constitutional rights. He contends that the trial court made findings of fact beyond those allowed by the facts he had admitted, contrary to the United States Supreme Court's decision in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531. This assignment of error is not well taken.
Misdemeanor sentencing differs significantly from felony sentencing. See State v. Frazier, 158 Ohio App.3d 407, 2004-Ohio-4506,815 N.E.2d 1155; State v. James, 1st Dist. No. C-040215, 2005-Ohio-1996. Because Williams's argument refers only to the felonysentencing statutes, we discuss his assignment of error only as it relates to the burglary conviction, a second-degree felony. The sentence the trial court imposed in this case was within the statutory range for a second-degree felony, but was not the minimum or the maximum sentence. See R.C.2929.14(A)(2).
In our view, the major issue in this case is that the trial court imposed more than the minimum sentence even though Williams had not previously served a prison term. See R.C. 2929.14(B). In State v.Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250, this court applied the United States Supreme Court's decisions in Blakely andUnited States v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738, to Ohio's sentencing statutes. We stated that the minimum prison term for an offender who has not previously served a prison term is ordinarily the only sentence that is supported by the jury's verdict and the defendant's admissions. Therefore, we held that the statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense.
But we have also held that a trial court may consider a defendant's prior convictions to enhance a sentence without resubmitting the facts of those convictions to the jury, and that consideration of those convictions is constitutional under Blakely and Booker. Courts have broadened this prior-conviction exception to include performance on parole or probation. State v. Lowery, 160 Ohio App.3d 138, 2005-Ohio-1181,826 N.E.2d 340; State v. McIntosh, 1st Dist. No. C-040280, 2005-Ohio-1760.
In this case, the trial court based its sentence on the violent nature of the offense, which Williams admitted to by pleading guilty. See Statev. Wilson (1979), 58 Ohio St.2d 52, 388 N.E.2d 745; State v. Montenegro,
1st Dist. No. C-010160, 2001-Ohio-3913. It also based the sentence on his numerous prior convictions, including prior unsuccessful parole and probations. Because the sentence in this case was based upon facts admitted by Williams and his prior convictions, the imposition of more than the minimum sentence was not unconstitutional under Blakely andBooker.
Any other findings that the trial court made that were not proper underBlakely and Booker were harmless error. See Lowery, supra; McIntosh,
supra. Consequently, we overrule Williams's sole assignment of error, and we affirm his conviction and sentence.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.