{¶ 8} I concur in judgment only and write separately to state that we should address the sole assignment of error and reverse the misdemeanor sentence which counsel for the City concedes should be vacated.[1] Under the majority's ruling, the municipal court may resentence Sefcik to the same probation conditions and another appellate panel will be faced with the same issue.
 {¶ 9} I would sustain the sole assignment of error because the court clearly imposed an unreasonable sentence.
 {¶ 10} R.C. 2929.22 governs misdemeanor sentencing and sets forth factors the court must consider before imposing a sentence. Those factors include the nature and circumstances of the offense, the offender's history of criminal conduct, the condition of the victim, and the likelihood that the offender will commit crimes in the future. R.C. 2929.22(B). The trial court enjoys broad discretion in imposing a sentence on a misdemeanor offense; however, its failure to consider the factors enumerated under R.C. 2929.22(B) constitutes an abuse of discretion. State v. Frazier (2004), 158 Ohio App.3d 407;State v. Wagner (1992), 80 Ohio App.3d 88, 95.
 {¶ 11} In the instant case, the trial court imposed a combination of sanctions pursuant to the "catch-all" provision of R.C. 2929.27(B), which provides:
"In addition to the sanctions authorized under division (A) of this section, the court imposing a sentence for a misdemeanor, other than a minor misdemeanor, upon an offender who is not required to serve a mandatory jail term may impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing."
 {¶ 12} In examining the reasonableness of conditions imposed as part of a defendant's probation for a felony violation, the Ohio Supreme Court noted in State v. Jones (1990),49 Ohio St.3d 51, 52-53, that the trial court's discretion is not "limitless" and explained:
"In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." (Citations omitted.)
 {¶ 13} The Ohio Supreme Court recently recognized that the same rationale applies to the imposition of community control sanctions. In State v. Talty, 103 Ohio St.3d 177,2004-Ohio-4888, the court determined that the trial court's imposition of an antiprocreation order on the defendant for failure to pay child support was overbroad. In reaching this decision, the court reasoned:
"* * * the trial court in the instant case did not allow for suspending the procreation ban if Talty fulfilled his child-support obligations. Indeed, the trial court cited Talty's rehabilitation and the avoidance of future violations as the reasons for imposing the condition. In view of these objects, however, the antiprocreation condition is, by any objective measure, overbroad; it restricts Talty's right to procreate without providing a mechanism by which the prohibition can be lifted if the relevant conduct should change."
 {¶ 14} Applying the same rationale to the instant case, I would find the sanctions imposed overbroad and unreasonable. Here, the trial court's order not only impacted Sefcik's use of his home, but also the conduct of other family members who were not charged in the instant case. Moreover, I do not find the displacement of Sefcik's family to be reasonably related to rehabilitating him or protecting the public from future crime by Sefcik. The trial court clearly exceeded its authority in imposing such a drastic sanction.
 {¶ 15} Therefore, I would reverse the sentence.
[1] Counsel filed a motion to vacate the sentence after the appeal was filed and conceded at oral argument that the sentence should be vacated.