OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Diane Harris, appeals the decision of the East Liverpool Municipal Court that found her guilty of menacing by stalking in violation of R.C. 2903.211(A)(1), a first degree misdemeanor. Harris's appellate counsel has filed a no-merit brief on appeal and seeks to withdraw as counsel in which she lists a few issues which she could argue on Harris's behalf, but determined that those issues were meritless and would not arguably support an appeal. Harris filed a document in response to her counsel's motion, but that document contained no assignments of error or arguments indicating why the trial court's decision was in error.
 {¶ 2} Appellate counsel is correct. The bulk of the evidence introduced at trial supports Harris's conviction and the trial court's sentence was well within the statutory parameters for a first degree misdemeanor. For these reasons, counsel's motion to withdraw is granted and the trial court's decision is affirmed.
 Facts {¶ 3} In June 2004, Nicole Smith spoke to law enforcement officers in East Liverpool concerning the actions of someone in her neighborhood, Harris. According to Mrs. Smith, Harris had been driving by her home numerous times since May while making rude gestures and using offensive language. The officers suggested that Mrs. Smith keep a log to record Harris's actions. Beginning on June 28, Mrs. Smith kept that log. According to the log, Harris would sometimes circle around the Smiths' house every few minutes for hours at a time, would "peel out" and speed in front of the Smiths' home, would swerve toward Mrs. Smith and her children as if she would hit them, and would use both obscene language and crude gestures toward Mrs. Smith and her oldest child. Mrs. Smith swore out a complaint charging Harris with one count of menacing by stalking on July 20, 2004.
 {¶ 4} The trial court initially scheduled the trial for September 8, 2004. Harris hired defense counsel, who filed a notice of appearance on August 31, 2004. In order to give counsel adequate time to prepare for the trial, Harris moved for a continuance. The trial court granted the motion to continue after Harris filed a speedy trial waiver.
 {¶ 5} On November 16 and 17, 2004, the trial court held a bench trial. The State called numerous witnesses to establish that Harris engaged in the conduct of which Smith complained. Harris then called numerous alibi witnesses in an attempt to demonstrate that she could not have engaged in that conduct.
 {¶ 6} Subsequently, the trial court held a hearing to announce its verdict. It found Harris guilty of menacing by stalking. It then sentenced her to a $250.00 fine, court costs, thirty days of house arrest, three years of intensive probation, and ordered that she submit to a mental evaluation.
 Toney Analysis {¶ 7} This court follows a well-established procedure when an attorney files a no-merit appellate brief and moves to withdraw as appellate counsel. See State v. Toney (1970),23 Ohio App.2d 203; see also Anders v. California (1967) 386 U.S. 738. InToney, this court set forth the procedure to be used when counsel of record determines an indigent's appeal is frivolous in its syllabus:
 {¶ 8} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 9} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 10} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 11} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purpose of appeal should be denied.
 {¶ 12} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id.
 {¶ 13} In this case, Harris's appeal is wholly frivolous.
 {¶ 14} Harris cannot argue that any errors occurred prior to her trial. The only pre-trial motions she made were for discovery and for a bill of particulars. She received the requested discovery, but not the bill of particulars. Nevertheless, this is not reversible error since the State provided her with specific dates and times with regard to the alleged offense and the trial court allowed her to introduce alibi evidence. See State v.Sellards (1985), 17 Ohio St.3d 169, syllabus.
 {¶ 15} The trial court also did not violate Harris's right to a speedy trial. R.C. 2945.71(B)(2) gives the trial court ninety days after the person's arrest or the service of summons to bring the person to trial for a first degree misdemeanor. However, the time for bringing the person to trial can be extended upon the person's own motion. R.C. 2945.72(H). Harris was served with service of the warrant on July 27, 2004, and the trial court scheduled a trial for September 8, 2004, forty-three days later. Harris then moved for a continuance and filed a speedy trial waiver. The trial court granted the continuance and set the trial for November 2, 2004. The parties then filed a joint motion for a continuance on October 28, 2004, and the case was continued until November 16, 2004. Harris's trial was held well within the time contemplated by R.C. 2945.71 and 2945.72.
 {¶ 16} In her no-merit brief, Harris's appellate counsel mentions five different things which happened at trial which could have been error, but concludes that they do not arguably support an appeal. She first mentions that the testimony from the State's witnesses was somewhat inconsistent. For instance, Mr. Smith, Mrs. Smith, Mrs. Smith's sister, and one of the Smiths' neighbors testified about Harris's inappropriate behavior. However, one of the Smiths' other neighbors testified that she had never seen Harris do anything particularly inappropriate.
 {¶ 17} As appellate counsel recognizes, the differences between the witnesses' testimony are not major inconsistencies. The witnesses who testified that they did not see any or as many inappropriate actions by Harris also did not testify that they were in as good a position to see that activity as Mrs. Harris. Furthermore, the testimony from the people who did witness Harris's actions was largely consistent. Fundamentally, no witness, other than Harris herself, flatly contradicted Mrs. Smith's allegations. The minor inconsistencies in the rest of the testimony do not warrant a conclusion that Harris's conviction was against the manifest weight of the evidence.
 {¶ 18} Appellate counsel next criticizes the fact that Mrs. Smith's log was admitted into evidence without a proper foundation. But as counsel recognizes, this fact does not arguably support an appeal. Harris's counsel never objected to the introduction of the log into evidence. Indeed, trial counsel used the inconsistent manner in which Mrs. Smith maintained the log as his primary means of impeaching her credibility. Since Harris's trial counsel did not object to the introduction of the log, then the issue would have to be reviewed for plain error and since she used it extensively as a weapon to impeach Mrs. Smith, then its introduction would not be plain error.
 {¶ 19} The third issue appellate counsel raises is that Harris had several alibi witnesses testify on her behalf. Those witnesses attempted to demonstrate that Harris could not have been engaging in the conduct which Mrs. Smith alleged. But as appellate counsel recognizes, those witnesses could not account for Harris's whereabouts during many of the dates when Mrs. Smith alleged that Harris was menacing her. Furthermore, even when the witnesses could provide alibis for certain dates, they could not account for the times alleged by Mrs. Smith. Thus, these alibi witnesses could not actually establish an alibi for Harris.
 {¶ 20} Finally, appellate counsel contends that the court improperly allowed hearsay evidence over trial counsel's objection. Mrs. Smith testified that her child told her that Harris made crude statements toward her. But as counsel explains, this evidence was not essential to the State's case since Mrs. Smith testified about numerous other times where she had personal knowledge of Harris's actions. Thus, even if those statements were hearsay, it does not appear that the trial court committed reversible error by allowing them to be introduced.
 {¶ 21} In this case, the State had to prove that Harris "engage[ed] in a pattern of conduct [that] knowingly cause[d] another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(A)(1). Mrs. Smith detailed the multiple times that Harris circled her house, "peeled out" and sped in front of her house, made rude gestures at her, used obscene language toward her and her oldest child, and swerved at her and her children. Her testimony was substantiated by her husband, Ronald Smith, a neighbor, James Jackson, her sister, Barbara Brant, and Stacey Ward, a woman whose husband is a volunteer fireman with Mr. Smith. In response, Harris denied engaging in the conduct of which Mrs. Smith accuses. She introduced the testimony of various people who could establish her whereabouts at certain times, but their testimony did not account for the vast majority of the times and dates contained in Mrs. Smith's accusations. Harris does not appear to have any kind of substantive argument regarding the trial.
 {¶ 22} Finally, the sentence the trial court imposed on Harris was well within the parameters defined by statute. When sentencing for most first degree misdemeanors, such as menacing by stalking, the trial court "has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A). A trial court can impose any combination of jail sentence and sanctions authorized by R.C. 2929.24 to 2929.28. R.C. 2929.22(A). This court reviews the trial court's decision for an abuse of discretion. State v. Frazier,158 Ohio App.3d 407, 2004-Ohio-4506, at ¶ 15. {¶ 23} In this case, the trial court sentenced Harris to thirty days of house arrest, authorized by R.C. 2929.27(A)(2); a $250 fine, authorized by R.C.2929.28(A)(2)(a)(i); court costs, authorized by R.C. 2947.23(A); three years of intensive probation, authorized by R.C.2929.25(A)(2) and 2929.27(A)(5); and ordered her to submit to a mental evaluation, authorized by R.C. 2929.27(B). The trial court imposed these sanctions so Harris could still care for her elderly mother, who lived at her home, and her sick brother, who lived nearby. Given the nature of Harris's actions, it does not appear that any sentencing issue would arguably support an appeal.
 {¶ 24} In conclusion, Harris's appellate counsel is correct; there are no issues which would arguably support an appeal, so this appeal is wholly frivolous. Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.