[Cite as *State v. Brogden*, 2018-Ohio-735.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170185 |
| | | TRIAL NO. 16CRB-32986 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| ASHLEY BROGDEN, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: March 2, 2018  March 2, 2018


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1}   Ashley Brogden appeals her conviction, following a bench trial, for violating a protection order.  The state concedes that the conviction must be reversed.  Because the state failed to prove that the protection order was in effect on the date of the offense, we reverse the conviction and discharge Brogden from further prosecution.

### Facts and Procedural History

{¶2}   On December 8, 2016, Brogden was charged with one count of violating a civil protection order in violation of R.C. 2919.27(A)(2), a misdemeanor of the first degree.  The protection order was an ex-parte, temporary order obtained by her neighbor, Jessica Wilson, on November 3, 2016.  Both lived in the same apartment building, and their apartments were next door to each other.

{¶3}   On November 22, 2016, Officer Price responded to a call regarding an alleged assault of Wilson by Brogden.  While Price was speaking with Brogden, he learned that the temporary protection order had not been served on Brogden.  Price retrieved the temporary protection order from the police station and returned to serve Brogden a copy of the order.

{¶4}   On December 8, 2016, Jessica Wilson filed a complaint alleging that Brogden verbally harassed her by cursing at her and threatening violence on multiple occasions between December 6 and 8, 2016.  Brogden entered a not-guilty plea, and the case proceeded to a bench trial.

{¶5}   At trial, Wilson and her mother testified that Brogden shouted insults at Wilson all three days.  Brogden testified that Wilson taunted her all three days, and Brogden responded to her once.

{¶6} Price identified the ex-parte protection order that he had served on Brogden on November 22, 2016. The order that he delivered to her was effective until November 16, 2016, when the full hearing was scheduled. The protection order was admitted into evidence.

{¶7} After closing arguments, the trial court reviewed the protection order and noted that it had expired on November 16, 2016, before the alleged violation. The court then asked the prosecutor if she had another protection order.

{¶8} The prosecutor had a separate entry showing that the full hearing on the protection order had been continued until February 14, 2017, and that the temporary order remained in effect until then. The entry had not been attached to the temporary order, and the return of service upon respondent was left blank. The entry was not certified, and Price did not identify the entry or testify that he had served Brogden with a copy of the entry continuing the temporary order.

{¶9} The trial court allowed the state to admit the document as evidence, over Brogden's objection. The court found Brogden guilty and sentenced her to 180 days plus court costs.

### Law and Analysis

{¶10} In her first assignment of error, Brogden argues that the conviction was based on insufficient evidence because the state failed to prove that the protection order was in effect on the date of the alleged offense.

{¶11} In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found all the essential elements of the crime proved

beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶12} To prove a violation of a civil protection order, the state is required to prove that the order was in effect on the date of the offense. *See State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶ 9-10 (1st Dist.); *State v. Collins*, 4th Dist. Meigs No. 96 CA 33, 1997 WL 426150 (July 16, 1997).

{¶13} The state concedes that the entry was not properly admitted into evidence, and that the state failed to prove the protection order was in effect on the date of the offense. Therefore, Brogden's conviction was based upon insufficient evidence.

### Conclusion

{¶14} Accordingly, we sustain the first assignment of error. We reverse the judgment of conviction and discharge Brogden from further prosecution. Our disposition of the first assignment of error renders the second assignment of error challenging the trial court's failure to allow Brogden her right of allocution moot.

Judgment reversed and appellant discharged.

**MOCK, P.J.**, and **MILLER, J.,** concur.

Please note:

The court has recorded its own entry this date.