[Cite as *State v. Walker*, 2023-Ohio-1222.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220271 |
| | | TRIAL NOS. 20CRB-12793A/B |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| TYSHARA WALKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: April 14, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Chris Konitzer,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   Tyshara Walker appeals her convictions, after a bench trial, for assault. In two assignments of error, Walker contends that her convictions were not supported by sufficient evidence and contrary to manifest weight of the evidence, and that the trial court abused its discretion in sentencing her.  For the following reasons, we affirm the trial court's judgment.

### Factual Background

{¶2}   Tyshara Walker was charged with two counts of assault, one for hitting Brittany McElroy and one for spraying mace in the eyes of McElroy's six-month-old daughter.

{¶3}   During a bench trial, McElroy testified that she was at a Fourth of July picnic with her two children, her mother, her sisters, and a few friends.  Walker was also present with her niece, who shared the same father as one of McElroy's children. After McElroy spoke with Walker's niece, Walker hit McElroy, and the two fought. Walker left the park and went to the police station to file charges.  While she was gone, her sister and mother watched her children.

{¶4}   McElroy returned to retrieve her children and her car.  As McElroy walked to her car, carrying her baby, Walker approached her and sprayed mace in her daughter's face and her face.  McElroy's baby had blood clots in her eyes and was screaming, so McElroy jumped into her car to drive to the hospital.  McElroy could not see to drive, so she stopped at a gas station and called an ambulance and the police. While waiting for the police, McElroy and her baby were treated by paramedics.

{¶5}   After McElroy testified, the state rested, and the defense called Cincinnati Police Officer Terrill Hamilton to testify.  Hamilton had responded to McElroy's call for assistance.  Hamilton's body-worn-camera video was played for the

judge, but not admitted into evidence. Hamilton recalled that McElroy was distressed but could not remember if her face was red. Hamilton testified that "stuff" was running down her face when he arrived. When he arrived, people were cleaning her face. Someone from the Cincinnati Fire Department informed Hamilton that the baby was "acting normal." Hamilton did not see any redness on the baby's face or eyes.

{¶6}    Walker testified that McElroy assaulted her. After the assault, Walker stayed at the picnic. Walker denied spraying mace on McElroy and her baby and denied owning mace. After her testimony, the trial court found her guilty of both charges without making any factual findings and proceeded to sentencing. The following colloquy occurred:

Court:  I find that you did mace her. It may not have been enough to make her violently ill, but I think you maced her.

Walker: How so?

Court:  I think – oh, you don't argue with me.

* * *

Court: I think Ms. McElroy was the primary person maced, because she was holding her child at the time, and the child inadvertently got maced too. I'll hear mitigation, the rest of mitigation. Is there something you want to tell me, ma'am?

Walker: I just wanted to say I didn't mace Ms. McElroy and her baby.

Court: You'll be saying that from the jail. You'll be saying that from the jail, ma'am. Are you sure that's the position you want to take?

Walker: No sir, I don't want to say anything.

**{¶7}** The court reviewed her history and proceeded to ask her why she had missed five scheduled court hearings in this matter. After a discussion with the victim, the court informed Walker it did not want to impose a jail sentence, attributed her actions to immaturity, and asked her to take responsibility to avoid jail. Walker asked to address the victim and apologized. The court sentenced her to 180 days in jail, suspended the days, and placed her on probation for one year.

### Sufficiency and Manifest Weight of the Evidence

**{¶8}** In her first assignment of error, Walker contends the evidence is insufficient to support the convictions and the convictions are contrary to the manifest weight of the evidence.

**{¶9}** A challenge to the sufficiency of the evidence presents this court with a question of law that we review de novo. *State v. Dent*, 163 Ohio St.3d 390, 2020-Ohio-6670, 170 N.E.3d 816, ¶ 15, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). A reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶10}** When considering a weight-of-the-evidence claim, we review " 'the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *Thompkins* at 387. "[I]it is well settled law that matters as to the credibility of witnesses are for

the trier of fact to resolve." *State v. Ham*, 1st Dist. Hamilton No. C-170043, 2017-Ohio-9189, ¶ 21. "This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict." *Bailey* at ¶ 63.

{¶11} Walker contends that the evidence was insufficient to prove that she knowingly harmed McElroy's baby because the trial court stated during mitigation that the baby was "inadvertently maced."

{¶12} Walker was convicted of assault which prohibits any person from knowingly causing or attempting to cause physical harm to another. R.C. 2903.13(A). A person acts knowingly:

> regardless of purpose, where the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶13} The state presented sufficient evidence to establish that Walker assaulted the baby. McElroy testified that Walker approached her and sprayed mace in her daughter's face and her face. The mace caused her daughter to scream in pain and caused blood clots in her eyes. McElroy and her baby were treated by paramedics. Based on this record, any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt. Although the trial court

made no factual findings prior to its determination of guilt, during mitigation, the court reiterated that Walker had sprayed mace on both McElroy and her baby. The court's statement that the baby was "inadvertently maced" did not negate the fact that the court found that Walker knowingly sprayed mace on McElroy and her baby.

{¶14} Walker further argues that the convictions were contrary to the weight of the evidence because Walker testified that she did not mace McElroy. In finding Walker guilty, the trial court found McElroy's testimony to be credible. Because credibility is an issue for the trier of fact to resolve, we cannot say that the court clearly lost its way and created a manifest miscarriage of justice.

{¶15} We overrule the first assignment of error.

## Sentencing

{¶16} Walker next argues that the court abused its discretion by "threaten[ing] Walker with jail if she did not admit to macing McElroy and [the baby] and apologize for it."

{¶17} When imposing a sentence for a misdemeanor, "the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). "When a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors, absent a showing to the contrary by the defendant." *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶ 15 (1st Dist.). An appellate court will not reverse a misdemeanor sentence absent a showing that the trial court abused its discretion. *Id.*

{¶18} Here, the record reflects that the trial court considered Walker's

conduct, behavior, and rehabilitation prior to imposing a sentence. The court informed Walker that she would be sentenced to jail if she continued to deny committing the offenses. The court further informed her that she could take responsibility for her actions and apologize or go to jail. Walker chose to take responsibility for her conduct and avoid a jail sentence. We cannot say that the court abused its discretion in giving Walker the opportunity to avoid a jail sentence.

**{¶19}** Walker further argues that that her right to an appeal was jeopardized by admitting to the offense, but she cites to no case law to support that proposition, and this court could find none.

**{¶20}** Accordingly, we overrule the second assignment of error.

## Conclusion

**{¶21}** Having overruled Walker's two assignments of error, we affirm the trial court's judgment.

Judgment affirmed.


**BOCK** and **KINSLEY, JJ.,** concur.

Please note:
    The court has recorded its own entry this date.