[Cite as *State v. Dowdy*, 2024-Ohio-1045.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230324 |
| | | TRIAL NO. C-23CRB-5952 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JASON DOWDY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry: March 22, 2024

*Melissa A. Powers,* Hamilton County Prosecuting Attorney, and *Sean M. Donovan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}     In this criminal appeal, defendant-appellant Jason Dowdy appeals the municipal court's imposition of consecutive sentences after Dowdy pled guilty to multiple misdemeanor charges.  Dowdy does not appeal the findings of guilt, only the trial court's decision to impose consecutive sentences.  For the following reasons, we affirm Dowdy's sentences.

### Background

{¶2}     This case arises from multiple misdemeanor charges that Jason Dowdy pled guilty to.  Dowdy, then 19 years old, and his then-girlfriend broke up.  Dowdy sent his ex-girlfriend multiple threatening messages and phone calls until it escalated to Dowdy going to the store where his ex-girlfriend worked and stealing the keys to her car.  The store's general manager intervened and grabbed Dowdy before he took the car.  Dowdy bit her arm to free himself.  As Dowdy started to drive off with his ex-girlfriend's car, the manager's 12-year-old daughter ran after Dowdy.  As Dowdy drove out of the parking lot, the daughter was struck in the leg by the car door.  The car was recovered a few days later, though with an estimated $3,000 of recent damage.

{¶3}     Dowdy was prosecuted by both the state of Ohio and the city of Cincinnati.  First, Dowdy was charged by complaint with aggravated menacing and telecommunications harassment.  Two weeks later, Dowdy was indicted for four other misdemeanor charges: two counts of assault, one count of unauthorized use of a motor vehicle, and one count of theft.  Later, Dowdy was indicted for two felony counts of aggravated robbery.

{¶4}     Dowdy entered into a global plea agreement with both the state of Ohio and the city of Cincinnati.  The record on appeal indicates that Dowdy entered pleas

of guilty to the two charges of assault, one charge of telecommunications harassment, and one charge of theft. Dowdy also entered a plea of guilty to a reduced charge of attempted aggravated menacing, a second-degree misdemeanor. In exchange, the aggravated-robbery and unauthorized-use-of-a-motor-vehicle charges were dismissed. There is no indication in the record that the plea agreement contained agreed-upon recommended sentences.

{¶5}    The municipal court accepted Dowdy's pleas. At the sentencing hearing, the court imposed the maximum sentence of 180 days each for the two charges of assault and the charge of theft. The court then imposed 43 days' imprisonment with credit for 43 days' time served for each of the attempted-aggravated-menacing and the telecommunications-harassment charges. The court ordered that the sentences run consecutively for a total of 18 months' imprisonment with credit for 43 days served. Dowdy now appeals.

### Law and Analysis

{¶6}    In his sole assignment of error, Dowdy argues the trial court abused its discretion by imposing consecutive sentences when the record did not support consecutive sentences. An appellate court reviews the imposition of a misdemeanor sentence for an abuse of discretion. *State v. James*, 1st Dist. Hamilton No. C-210597, 2022-Ohio-2019, ¶ 15, citing *State v. Griffin*, 2020-Ohio-3703, 155 N.E.3d 1028, ¶ 28 (1st Dist.). An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶ 15 (1st Dist.). When a misdemeanor sentence is within the statutory

3

limits, the trial court is presumed to have considered the required factors, absent a showing to the contrary by Dowdy. *Id.*

{¶7} The overriding principles of misdemeanor sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). To achieve these principles, the sentencing court must consider the factors set forth in R.C. 2929.21(A) and 2929.22(B). These factors include the nature and circumstances of the offense, the offender's criminal history, and the likelihood that the offender will recidivate. *State v. Wilson*, 1st Dist. Hamilton No. C-220117, 2022-Ohio-3655, ¶ 5.

{¶8} The court imposed consecutive 180-day sentences for each of the two assault charges and the theft charge, none of which exceed the maximum statutory range for first-degree misdemeanors. For the attempted-aggravated-menacing and telecommunications-harassment charges, the court sentenced Dowdy to time served. The aggregate sentence totaled 540 days' imprisonment. R.C. 2929.41(B)(1). Because the aggregate sentence was less than 18 months and each individual sentence was within the statutory maximum, we presume the trial court considered the applicable sentencing factors absent a showing to the contrary. ; *Frazier* at ¶ 15.

{¶9} A review of the record demonstrates that that the trial court considered Dowdy's conduct, behavior, and rehabilitation in determining his sentences. The trial court reviewed a presentence-investigation report, a victim-impact statement, and heard oral arguments from both parties. The trial court examined the nature and circumstances of the offenses under R.C. 2922.22(B)(1)(a) when it found Dowdy's conduct "reprehensible" for stealing his ex-girlfriend's car from her place of employment, biting the manager when she attempted to stop him, and striking a

4

12-year-old girl with the car while fleeing. Then, while police were searching for Dowdy, he sent messages to his ex-girlfriend threatening to kill her and her family, as well as threatening to kidnap his ex-girlfriend's three-year-old son and send her a videotape of his gruesome murder. Based on that conduct, the trial court found Dowdy to be an ongoing threat to his ex-girlfriend and her family under R.C. 2922(B)(1)(c).

{¶10} By way of mitigation, Dowdy offered that he accepted responsibility and pled guilty, was genuinely remorseful, had no prior adult criminal convictions, and that he would not reoffend in the future because his conduct was the result of going through a break-up at the young age of 19 and losing family members at the same time. He argues that the trial court should have accepted his remorse and not imposed consecutive sentences. However, nothing compels the trial court to reflexively accept a defendant's statement of remorse. *State v. Fissel*, 1st Dist. Hamilton No. C-210483, 2022-Ohio-1856, ¶ 15. It is within the trial court's decision to reject Dowdy's offer that he was remorseful and would not reoffend is not and give more weight to the aforementioned factors. *See Wilson*, 1st Dist. Hamilton No. C-220117, 2022-Ohio-3655, at ¶ 6-8.

{¶11} Because the sentences were within the statutory limits, the trial court considered the applicable statutory factors, and Dowdy does not demonstrate anything to the contrary, the trial court did not abuse its discretion by imposing three consecutive 180-day sentences. *See State v. Walker*, 1st Dist. Hamilton No. C-220271, 2023-Ohio-1222, ¶ 18 (within the trial court's discretion to impose sentence of no jail time where trial court considered defendant's conduct, behavior, and rehabilitation. Consequently, we overrule the assignment of error.

## Conclusion

{¶12}    Having overruled the assignment of error, we affirm Dowdy's sentences.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE**, **J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.