DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Vincent Niepsuj, appeals from the judgment of the Summit County Court of Common Pleas which placed several probation conditions on him when it suspended his jail sentence. This Court affirms.
 I. {¶ 2} Appellant was indicted for five counts of violating a protection order in violation of R.C. 2919.27. Initially, Appellant pled not guilty to each count in the indictment. Before trial began, the State dismissed the first two counts in the indictment. A bench trial then commenced. Prior to the State presenting its case, Appellant called two witnesses to testify on his behalf. At the close of these witnesses, Appellant and the State reached a plea agreement. The State agreed to amend counts three and four to first degree misdemeanors, violations of a protective order, and dismiss count five. Appellant agreed and pled guilty to counts three and four.
 {¶ 3} Upon accepting the plea, the trial court sentenced Appellant to one hundred eighty days incarceration for each count. However, the trial court suspended Appellant's jail sentence and placed him on probation for one year. Appellant timely appealed the trial court's judgment, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The court erred in sentencing, via reliance on the State's Ill-Researched Probation advice as to previously ordered mental health services, and reliance on its Psycho-Diagnostics Dept. in a manner which was not compliant with O.R.C. 2919.271 — but instead was prejudicial in effect."
 {¶ 4} In his sole assignment of error, Appellant argues that the trial court erred when it set the conditions of his probation. Specifically, Appellant avers that it was error for the trial court to require mental health treatment as a condition of his probation. This Court disagrees.
 {¶ 5} The trial court is granted broad discretion in setting probation conditions. R.C. 2929.25. Specifically, R.C. 2929.27(B) provides as follows: Court of Appeals of Ohio, Ninth Judicial District.
"In addition to the sanctions authorized under division (A) of this section, the court imposing a sentence for a misdemeanor, other than a minor misdemeanor, upon an offender who is not required to serve a mandatory jail term may impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing."
Further, R.C. 2929.25(B)(2) provides that "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender." However, the trial court's discretion in imposing conditions of probation is not limitless. See State v. Livingston (1976), 53 Ohio App.2d 195, 196. In imposing conditions, the trial court "should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." State v. Jones (1990),49 Ohio St.3d 51, 53.
 {¶ 6} In the instant case, the trial court placed the following conditions on Appellant's probation:
"1. That he report to the Adult Probation Department as directed and abide by the rules and regulations of said Department and/or the Adult Parole authority.
"2. That he obey all laws.
"3. That he pay a $10.00 per month fee for services rendered by the Adult Probation Department; said monies to be paid to the Summit County Clerk of Courts, County Safety Building, 53 University Avenue, Akron, Ohio 44308-1662.
"4. That he follow through with mental health treatment as monitored by the Adult Probation Department.
"5. That he comply with all current court orders.
"6. That he have no contact whatsoever with the victims in this case, either directly or indirectly, which includes by telephone, mail, e-mail, third party, or otherwise, as stated in the Civil Protection Order.
"7. That he pay the costs of this prosecution within 9 months; said monies to be paid to the Summit County Clerk of Courts, County Safety Building, 53 University Avenue, Akron, Ohio 44308-1662."
Appellant's primary concern focuses on condition four, requiring mental health treatment.
 {¶ 7} This Court begins by noting that "despite a relatively enlightened medical perspective on the causes of mental illness, society continues to harbor a deeply held suspicion of both mental illness and the mentally ill." Nelson, Legislative and Judicial Solutions for Mental Health Parity: S. 543, Reasonable Accomodation, and an Individualized Remedy Under Title I of the ADA (2001), 51 Am.U. L. Rev. 91, 97. There is no question that there is still a tremendous stigma regarding the mentally ill. Kondo, Advocacy of the Establishment of Mental Health Specialty Courts in the Provision of Therapeutic Justice for Mentally Ill Offenders (2001), 28 Am.J. Crim. L. 255, 314-315.
 {¶ 8} As such, this Court fully recognizes the concerns expressed by Appellant. However, there is no question that the conditions of Appellant's probation will serve to rehabilitate him. Subsequent to Appellant's divorce, a civil protection order was obtained by his former wife eliminating Appellant's contact with his children. As is illustrated by Appellant's brief, he very much misses his children and misses being their father on a regular basis. Further, Appellant indicates that he has been previously diagnosed with an adjustment disorder through psychiatric services he sought out in 2003. As such, it is clear to this Court that mental health treatment would be beneficial to Appellant in dealing with the loss of his parenting time and rehabilitating him such that he will not violate the civil protection order in the future.
 {¶ 9} Given the above stated facts, this Court cannot say that the trial court abused its discretion when it required Appellant to seek mental health treatment as a condition of his probation. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., concur.