[Cite as *State v. Wilson*, 2022-Ohio-3655.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220117 |
| | | TRIAL NO. 21CRB-11125 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| RAESHAWN WILSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 14, 2022


*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Rebecca Barnett*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jeffrey Cutcher,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} Following a scuffle during which defendant-appellant Raeshawn Wilson pulled his gun on three men, he pleaded guilty to three counts of aggravated menacing. The trial court sentenced Mr. Wilson to three consecutive 180-day jail terms with credit for 23 days on each count. He now appeals. After reviewing the record at hand, however, we see no basis for reversal and accordingly overrule his assignment of error and affirm the sentencing order of the trial court.

I.

{¶2} In June 2021, Mr. Wilson—already intoxicated—stumbled into a bar seeking a good place to continue consuming. Victims Cody Page, Ethan Greene, and Charles Gerhardt IV confronted Mr. Wilson as he entered and told him that he couldn't bring the bottle of alcohol that he was clutching into their bar. A physical and verbal altercation ensued when Mr. Wilson refused to comply. He then started a fight with a bouncer in the bar. As the fracas grew and morphed into a bar brawl, Mr. Wilson removed a firearm from his waistband, racked the slide, and pointed the firearm at each of the three victims. Understandably, the victims feared for their lives. Tensions eventually deescalated after this (fortunately no shots were fired), and the victims reported the incident to authorities later that day.

{¶3} In December 2021, Mr. Wilson entered guilty pleas to the three charges of aggravated menacing based on these events. At the sentencing hearing, the trial court imposed three consecutive 180-day sentences. On a motion to reconsider, the trial court modified Mr. Wilson's sentences to allow for two-for-one and three-for-one jail-time credit. Mr. Wilson now appeals, challenging the length of the aggregate sentence imposed.

2

II.

**{¶4}** Mr. Wilson contends that the trial court erred in sentencing him to maximum consecutive sentences. According to Mr. Wilson, the trial court failed to consider the criteria for determining an appropriate sentence for a misdemeanor as set forth in the sentencing statute, and therefore, his sentences are contrary to law. We disagree.

**{¶5}** In imposing a sentence in a misdemeanor case, the trial court must consider the factors set forth in R.C. 2929.22. These factors include the nature and circumstances of the offense, the offender's criminal history, and the likelihood that the offender will recidivate. "A misdemeanor sentence will not be reversed absent a showing that the trial court abused its discretion. An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable." *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶ 15 (1st Dist.). And "[w]hen a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors, absent a showing to the contrary by the defendant." *Id.*

**{¶6}** In Mr. Wilson's case, a review of the record demonstrates that the trial court considered the pertinent factors, and we cannot say that the court's sentences constituted an abuse of discretion. The trial court imposed consecutive 180-day sentences for each charge of aggravated menacing, none of which exceeded the maximum statutory range for first-degree misdemeanors. And, in determining Mr. Wilson's sentences, the trial court reviewed a presentence investigation report, a victim-impact statement, and heard oral arguments from both parties. The trial court, on the record, explained that the series of events giving rise to Mr. Wilson's charges

3

were the most serious types of cases to come before a municipal court. Moreover, in determining the length of his aggregate sentence, the trial court considered Mr. Wilson's criminal history and the potential risk of him reoffending.

{¶7} By way of mitigation, Mr. Wilson only offered the fact that his eight months of successful felony probation tended to demonstrate that he could be successful on community control. But it was within the trial court's discretion to give more weight to the aforementioned factors in determining his sentences—and needless to say, the court could have factored the prior felony offense into its sentencing calculus.

{¶8} In light of this record, Mr. Wilson fails to establish that the trial court did not consider the relevant statutory factors in imposing his sentences. The trial court's imposition of three consecutive 180-day sentences does not represent an abuse of discretion.

{¶9} As an additional argument on appeal, Mr. Wilson contends that his aggregate sentence was inconsistent with those imposed in other similar cases, referencing a number of recent Hamilton County Municipal Court cases involving offenders who pleaded guilty to aggravated menacing. While Mr. Wilson is correct that R.C. 2929.21(B) provides that a sentence shall be consistent with sentences imposed on similar offenses committed by similar offenders, "[i]f a defendant fails to argue to the trial court that his sentence is not consistent with or proportionate to sentences imposed for similar crimes committed by similar offenders, then the defendant waives that issue for appeal." *State v. Boroff*, 3d Dist. Putnam No. 12-20-02, 2020-Ohio-5376, ¶ 16; *see State v. Ewert*, 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671, ¶ 31 ("As to Appellant's additional challenge regarding the

4

proportionality and consistency of the sentence, we note that he did not challenge the proportionality of his sentence or the consistency of it as compared to other similar offenders in the court below, therefore, he has waived this issue."). Mr. Wilson failed to raise the argument that his sentences are disproportionate to those of similar offenders before the trial court; accordingly, he has waived the issue and we will not consider it for the first time on appeal.

\*　　　\*　　　\*

{¶10} In light of the foregoing, we overrule Mr. Wilson's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.